UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
FULGENCIA REYES,

                          Plaintiff,              **ACTION UNDER 29 U.S.C.§ 216(b)**

    -v.-

                                        **COMPLAINT**
5TH AVE LAUNDRY CENTER INC.
and SHENG G. CHEN, individually,

                        Defendants
------------------------------------------------------------X

Plaintiff FULGENCIA REYES ("Plaintiff"), by and through her undersigned counsel, STILLMAN LEGAL PC, brings this wage and hour action on behalf of herself and other similarly situated employees of Defendants 5TH AVE LAUNDRY CENTER INC. and SHENG G. CHEN, Individually (collectively, the "Defendants") pursuant to the Fair Labor Standards Act ("FLSA"), 29 USC §§ 201 et seq., the New York Labor Law ("NYLL") § 650 et seq., as recently amended by the Wage Theft Prevention Act ("WTPA"), NYLL § 195(3), NYLL § 191, and related provisions from Title 12 of New York Codes, Rules, and Regulations ("NYCRR"), and alleges upon information and belief, as follows:

## NATURE OF THE ACTION

1. This Complaint seeks to recover, inter alia, unpaid minimum wage compensation for Plaintiff, a former employee of Defendant 5TH AVE LAUNDRY CENTER INC., a New York Corporation with offices at 565 5th Ave, Brooklyn, NY 11215, and its principal, Defendant SHENG G. CHEN. Defendant SHENG G. CHEN personally hired Plaintiff, exercised direct control over her work schedule, and maintained day-to-day supervisory authority over her job duties and responsibilities.

Defendant SHENG G. CHEN also exercised disciplinary authority over Plaintiff, including, but not limited to, issuing warnings, reprimands, and implementing other disciplinary measures as she deemed necessary. The Plaintiff alleges that the Defendants willfully failed to pay the required wages. The plaintiff was employed primarily to wash clothes, fold clothes and opened and closed the store under the direct supervision and control of Defendant SHENG G. CHEN.

2. At all times relevant hereto, Defendants were required, under relevant New York State law, to pay and compensate Plaintiff at a minimum rate of $16.00 per hour (the "minimum wage"); however, Plaintiff was only compensated at a rate of $10, $13.92 and $14 per hour for 40 hours workweek.

3. Defendants' conduct extended beyond Plaintiff to all other similarly situated employees; and at all times relevant to this Complaint, Defendants maintain a policy and practice of requiring Plaintiff and other employees to work without providing the compensation required by federal and state law and regulations.

4. Plaintiff brings this action under the Wage Theft Prevention Act for Defendants' willful failure to provide written notice of wage rates in violation of said laws. Defendant CHEN's willful failure to provide required wage notices and statements caused Plaintiff to suffer concrete, particularized, and actual injuries, including but not limited to:, including: (1) direct financial losses from underpayment of wages; (2) actual out-of-pocket expenses incurred in attempting to reconstruct accurate wage records; (3) lost time spent attempting to calculate proper wages without proper documentation; (4) informational injury from being denied statutorily-required wage notices and statements; and (5) emotional distress and anxiety from the uncertainty regarding proper wage payments. These injuries were direct and proximate results of Defendant SHENG G. CHEN's willful actions as the Plaintiff's employer in failing to provide required wage

notices and statements. Furthermore, at all relevant times, Defendants knowingly failed to maintain accurate record keeping as mandated by the FLSA and the NYLL, which independently caused additional concrete injuries to Plaintiff by preventing her from having the information necessary to pursue her wage rights and verify proper payment.

5. Accordingly, Plaintiff now brings this Action on behalf of herself and those other similarly situated individuals, for federal and state claims relating to unpaid minimum wages, unpaid spread-of-hours wages, failure to maintain records pursuant to the FLSA, 29 USC §§ 201 et seq., NYLL § 650 et seq., as recently amended by the WTPA, NYLL § 195(3), as well as those related provisions in Title 12 of the NYCRR.

6. In connection therewith, Plaintiff seeks compensatory damages, liquidated damages, spread of hours pay, pre-judgment and post-judgment interest, and attorneys' fees and costs pursuant to the FLSA and NYLL.

7. Plaintiff further seeks certification of this action as an individual action on behalf of herself, individually pursuant to 29 U.S.C.§ 216(b).

## **JURISDICTION AND VENUE**

8. This Court has jurisdiction over this action under 28 USC § 1331, 29 USC §§ 216(b)(c), and 217; and 28 USC § 1337.

9. This Court has supplemental jurisdiction over the New York state law claims under the principles of pendent and ancillary jurisdiction pursuant to 28 USC § 1367.

10. This Court is empowered to issue a declaratory judgment pursuant to 28 USC §§ 2201 and 2202.

11. Venue is proper in the Eastern District of New York, pursuant 28 USC § 1391(b)(c), because Corporate Defendants reside in this District, Plaintiff resides in this

District, and because all or a substantial part of the events or omissions giving rise to the claims occurred herein.

## PARTIES

### Plaintiff

12. Plaintiff FULGENCIA REYES is and was at all times relevant hereto an individual residing in New York.

13. Plaintiff FULGENCIA REYES was employed by 5TH AVE LAUNDRY CENTER INC., a New York Corporation, at its offices at 565 5th Ave, Brooklyn, NY 11215. Her period of employment spanned from approximately January 2000 until February 22, 2025. The plaintiff was employed primarily to wash clothes, fold clothes, and open and close the store. Defendant SHENG G. CHEN determined and controlled her work schedule, including working hours and days. Moreover, CHEN had the authority to discipline REYES and did so on several occasions during the course of her employment.

14. At all times relevant hereto, Plaintiff REYES was a covered employee within the meaning of the FLSA and the NYLL.

15. Plaintiff consents to being named a party herein, pursuant to 29 USC § 216(b), and brings these claims based upon the allegations herein as representative parties of a prospective class of similarly situated individuals under 29 USC § 216(b).

### Defendants

16. Defendant 5TH AVE LAUNDRY CENTER INC. is, upon information and belief, a duly organized New York Corporation with its offices at 565 5th Ave, Brooklyn, NY 11215.

17. Upon information and belief, Defendant 5TH AVE LAUNDRY CENTER INC. is engaged in interstate commerce in that it relies heavily on products that have been

transported across state lines and generates annual gross revenues in excess of $500,000 per year, independent of excise taxes, for 2025, and were directly engaged in interstate commerce.

18. Upon information and belief, Defendant SHENG G. CHEN is the President, Chief Executive Officer, manager, principal, or agent of Defendant 5TH AVE LAUNDRY CENTER INC.

19. Upon information and belief, and at all times relevant to the claims herein, Defendant SHENG G. CHEN willfully and knowingly possessed operational control over Defendant 5TH AVE LAUNDRY CENTER INC. by reason of their ownership interest, and control of significant functions of Defendant Corporation. Defendant SHENG G. CHEN: (i) was known and referred to as "Boss" by Plaintiff and the other similarly situated employees of Defendant 5TH AVE LAUNDRY CENTER INC.; (ii) personally hired Plaintiff, setting her wages and compensation; (iii) regularly (iv) established Plaintiff's 'work schedules and workload, giving her daily orders and instructions; (v) maintained and personally reviewed employee records; (vi) paid Plaintiff weekly wages; (vii) d the authority to and did in fact discipline Plaintiff during the course of her employment; and (viii) ultimately terminated Plaintiff's employment.

20. Defendant SHENG G. CHEN acted intentionally and maliciously and is an employer pursuant to FLSA, 29 U.S.C. §203d, and regulations promulgated thereunder, 29 C.F.R. §791.2.

## COMMON FACTUAL ALLEGATIONS
Defendants Constitute Joint Employers

21. Defendants owned and operated 5TH AVE LAUNDRY CENTER INC., a corporate entity principally engaged in Brooklyn, New York. At all relevant times, Defendants 5TH AVE LAUNDRY CENTER INC. and SHENG G. CHEN possessed

operational control over the Defendant Corporation, possessed an ownership interest in the Defendant Corporation, and/or controlled significant functions of the Defendant Corporation.

22. As part of their regular business practice, Defendants intentionally, willfully, and repeatedly harmed Plaintiff FULGENCIA REYES and the other class member employees by engaging in a pattern and/or policy of violating the FLSA. This pattern and/or policy includes, inter alia, the following:

     a. failing to pay employees, including Plaintiff FULGENCIA REYES, the applicable minimum rate for work performed for the first forty (40) hours per week, thus causing financial harm and distress;

     b. failing to keep accurate records of hours worked by employees, including Plaintiff FULGENCIA REYES, as required by the FLSA and NYLL, thus causing financial harm and distress due to inaccuracies in wage calculation.

     c. failing to provide statutorily required wage and hour records or statements of pay received on multiple specific occasions (Specific dates will be provided during the discovery phase of the litigation process.) as required by the FLSA and the NYLL, in part to hide Defendants' violations of the wage and hour laws, and to systematically take advantage of Plaintiff and other similarly situated employees' relative lack of knowledge of wage and hour laws; and

23. Defendants have knowingly and willfully engaged in their unlawful conduct pursuant to a corporate policy of minimizing labor costs and denying employees compensation. Defendants' unlawful conduct has been intentional, willful, and in bad faith, and has caused significant financial damage, emotional distress, and other consequential damages to Plaintiff FULGENCIA REYES and the other class members.

24. Defendant 5TH AVE LAUNDRY CENTER INC., under the direct supervision and authority of Defendant SHENG G. CHEN, acted in the interest of the Defendants

with respect to its employees, the rate of and method of employee compensation was paid, and shared joint control over their employees.

25. At all times during the Plaintiff's employment, Defendants 5TH AVE LAUNDRY CENTER INC. and SHENG G. CHEN maintained significant control over the working conditions of Plaintiff and other similarly situated employees. This control was exercised through direct and daily involvement in setting work schedules, assigning tasks, implementing disciplinary actions, and determining the methods and rates of compensation. For instance, Defendant CHEN personally set the Plaintiff's work hours, issued daily instructions, and decided on Plaintiff's compensation structure.

26. Defendants 5TH AVE LAUNDRY CENTER INC. and SHENG G. CHEN jointly employed Plaintiff and all similarly situated individuals and are Plaintiff's and all similarly situated individuals' employers within the meaning of 29 USC 201 et seq. and the NYLL.

27. Defendants 5TH AVE LAUNDRY CENTER INC. and SHENG G. CHEN constitute a single employer of Plaintiff and/or similarly situated individuals, as any business divisions between them are fictional.

28. At all times relevant hereto, Defendants 5TH AVE LAUNDRY CENTER INC. and SHENG G. CHEN were Plaintiff's employers within the meaning of the FLSA, NYLL, and other applicable laws. These Defendants were directly involved in the hiring process of the Plaintiff, conducting interviews and making the final decision to employ the Plaintiff. Similarly, the Defendants were responsible for the termination of the Plaintiff's employment, making the decision to end the employment relationship. Such Defendants had the authority and power to hire and fire Plaintiff, as evidenced by the hiring process where the Defendants interviewed and selected the Plaintiff for the position, and the termination process where the Defendants decided to end the Plaintiff's employment. The Defendants also controlled the terms and conditions of the

Plaintiff's employment, including work assignments and hours, as shown by the daily work schedules set by the Defendants and the specific tasks assigned to the Plaintiff. Furthermore, the Defendants determined the rate and method of any compensation in exchange for the Plaintiff's services, as demonstrated by the Defendants' decisions on the Plaintiff's salary and method of payment. Indeed, Defendants supervised Plaintiff's work schedule and conditions of her employment.

29. Defendants further controlled, supervised, guided, and instructed what limited recordkeeping took place, which Plaintiff contends is deficient pursuant to FLSA and NYLL requirements.

**Plaintiff FULGENCIA REYES**

30. Plaintiff worked from approximately January 2000 until February 22, 2025. Defendants employed plaintiff REYES at their 565 5th Ave, Brooklyn, NY 11215 facility. The plaintiff was employed primarily to wash clothes, fold clothes, open and close the store, and did any additional tasks assigned by Defendant CHEN.

31. The Plaintiff did not have a fixed schedule, as it changed weekly. In 2019, the Plaintiff worked Monday through Wednesday for 5 hours each day, Thursday from 7:00 A.M. to 9:30 P.M. for a total of 14 hours, Friday from 7:00 A.M. to 12:00 P.M. for 5 hours, Saturday from 7:00 A.M. to 11:30 A.M. for 4.5 hours, and Sunday from 7:00 A.M. to 11:30 A.M. for another 4.5 hours, totaling 38 hours per week. The Plaintiff was paid $10 per hour, amounting to $380 per week. In 2020, from January to March 15, the Plaintiff maintained the same schedule, but the workplace closed from March 16 to May 1 due to COVID-19. After reopening on May 1, 2020, the Plaintiff's schedule changed to working Saturday and Sunday from 8:00 A.M. to 8:00 P.M., totaling 24 hours per weekend, with a weekly payment of $334. In 2021, the Plaintiff continued working 24 hours per weekend, earning $336 per week, a schedule and pay rate that remained the

same through 2022, 2023, and 2024. In 2025, the Plaintiff's last working day was February 22, following the same weekend schedule of 24 hours and earning $336 per week. Throughout the Plaintiff's employment, she did not clock in or out during her shifts.

32. From March 3, 2019, until December 31, 2019, Plaintiff was paid $10 per hour, the underpayment per week was $190, and the total underpayment of that period of time was $8,170. From January 1, 2020, until March 16, 2020, Plaintiff was paid $10 per hour, the underpayment per week was $190, and the total underpayment of that period of time was $2,090. From May 1, 2020, until December 31, 2020, Plaintiff was paid $13,92 per hour, the underpayment per week was $25,92, and the total underpayment of that period of time was $907,20. From January 1, 2021, until December 31, 2021, Plaintiff was paid $14 per hour, the underpayment per week was $24, and the total underpayment of that period of time was $1,248. From January 1, 2022, until December 31, 2022, Plaintiff was paid $14 per hour, the underpayment per week was $24, and the total underpayment of that period of time was $1,248. From January 1, 2023, until December 31, 2023, Plaintiff was paid $14 per hour, the underpayment per week was $24, and the total underpayment of that period of time was $1,248. From January 1, 2024, until December 31, 2021, Plaintiff was paid $14 per hour, the underpayment per week was $24, and the total underpayment of that period of time was $1,248. From January 1, 2024, until December 31, 2024, Plaintiff was paid $14 per hour, the underpayment per week was $48, and the total underpayment of that period of time was $2,496. From January 1, 2025, until February 22, 2025, Plaintiff was paid $14 per hour, the underpayment per week was $60, and the total underpayment of that period of time was $420.

33. Plaintiff REYES did not work at her own convenience but was required to report to work in accordance with a work schedule devised by Defendants. Moreover, once scheduled for a shift, Plaintiff REYES did not come and go at her pleasure but rather was controlled by Defendants.

34. Plaintiff REYES was a covered employee within the meaning of the FLSA and the NYLL and was not exempt thereunder as her employment position and assignments were not "professional," "executive" or even "administrative" and did not require discretion nor independent judgment. Plaintiff REYES's work is properly characterized as menial physical labor.

35. Plaintiff REYES regularly handled goods in interstate commerce and other items produced outside of the State of New York.

36. Plaintiff worked without appropriate minimum wages from the beginning and until the end of her employment with Defendants, a violation which we contend was done willfully by the Defendants.

37. No notification, either in the form of posted notices, or other means, was ever given to Plaintiff REYES regarding wages as required under the FLSA and NYLL.

38. Defendants did not provide Plaintiff REYES with each payment of wages an accurate statement of wages, as required by NYLL 195(3). This failure caused concrete and particularized injuries in fact to the Plaintiff, including: (1) actual monetary losses from underpayment of wages that could not be properly calculated without wage statements; (2) expenditure of personal funds to obtain independent wage and hour calculations; (3) time spent attempting to reconstruct hours worked and wages owed without proper documentation; (4) deprivation of statutory right to receive wage information; and (5) emotional distress and anxiety from uncertainty regarding whether she was being properly paid. Each of these injuries is directly traceable to Defendants'

WTPA violations and can be redressed through statutory damages.

39. Defendants never provided Plaintiff REYES with written notice of her rate of pay, employer's regular payday, and such other information as required by NYLL §195(1). This willful failure to provide notice has caused Plaintiff concrete and particularized injuries in fact, including: (1) monetary losses from inability to verify proper wage rates and payment schedules; (2) actual expenses incurred in seeking legal counsel to understand her rights without proper wage notices; (3) informational injury from being denied statutorily-mandated wage notices; (4) lost time and resources spent attempting to determine proper wage rates and payment schedules; and (5) emotional distress and anxiety from uncertainty regarding her terms of employment. These injuries are directly traceable to Defendants' violation of NYLL §195(1) and can be redressed through statutory damages.

**Defendants' General Employment Practices**

40. As part of their regular business practices, Defendants willfully required Plaintiff FULGENCIA REYES to work beyond her scheduled hours without paying her the proper minimum wages as required by federal and state laws. For instance, Defendants required Plaintiff to work additional hours from January 2000 until February 22, 2025, without providing the requisite compensation.

41. By such common policy and practice, Defendants violated Plaintiff's rights under the FLSA and New York Labor Law by not paying her the wages she was owed for the hours she had worked.

42. Defendants willfully failed to post the statutorily required wage and hour posters and did not provide Plaintiff FULGENCIA REYES with statutorily required wage and hour records or statements of pay received, in part so as to hide Defendants' violations of the wage and hour laws, and to take advantage of Plaintiff's relative lack of

sophistication in wage and hour laws.

43. Upon information and belief, these practices by Defendants were done willfully to disguise the actual number of hours Plaintiff worked, and to avoid paying Plaintiff properly for (i) her full hours worked, and (ii) minimum wages.

44. The NYLL and Wage Theft Prevention Act require employers to provide all employees with written notice of wage rates. This willful failure to provide this written notice has caused the Plaintiff, FULGENCIA REYES, an injury in fact, as she was unable to accurately determine her owed wages, leading to financial harm and distress.

45. Throughout the relevant time period, Defendants paid Plaintiff FULGENCIA REYES wages without providing an accurate accompanying wage statement and/or annual pay notices required under NYLL §§195(1) and 195(3). This willful failure to provide the required wage statement and annual pay notices constitutes an injury in fact under the Wage Theft Prevention Act, has caused Plaintiff FULGENCIA REYES substantial financial harm, emotional distress, and other consequential damages, and is a violation of Plaintiff's rights.

46. Defendants failed to provide Plaintiff FULGENCIA REYES with accurate accompanying wage statements at the time of payment of wages, containing: the dates of work covered by that payment of wages; the name of the employee; the name of the employer; address, and phone number of the employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; net wages; the regular hourly rate or rates of pay; the overtime rate or rates of pay; the number of regular hours worked, and the number of overtime hours worked, as required by NYLL §195(3). This willful failure to provide accurate wage statements has caused Plaintiff injury in fact, leading to financial harm, emotional distress, and other injuries in

fact as she was unable to fully understand and assert her rights regarding her wages.

## FIRST CAUSE OF ACTION
### (Violation of FLSA Minimum Wage Provisions (29 U.S.C. § 206, 207) and Recordkeeping Provisions (29 U.S.C. § 211))

47. Plaintiff repeats and realleges all paragraphs above as though fully set forth herein.

48. At all times relevant to this action, Defendants were "employers" of Plaintiff within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 203(d), as evidenced by their exercise of direct control over the terms and conditions of Plaintiff's employment. Defendants had the power to hire and fire Plaintiff, control the terms and conditions of employment, and determine the rate and method of any compensation in exchange for her employment. For instance, Defendants were directly involved in the hiring process of the Plaintiff, with Defendant SHENG G. CHEN personally conducting the interview and offering the job to the Plaintiff. Defendants also exercised control over Plaintiff's work schedule, with Defendant CHEN regularly setting her weekly work hours, and even adjusting them on several occasions without prior notice. Defendants assigned daily tasks to Plaintiff, with specific instructions on how to perform them, and provided direct supervision, with Defendant CHEN frequently monitoring Plaintiff's work and providing feedback. This close and direct involvement by the Defendants establishes a clear employer-employee relationship.

49. At all times relevant to this action, Defendants were engaged in commerce or in an industry or activity affecting commerce, and as such constitute an enterprise within the meaning of the Fair Labor Standards Act, 29 USC § 203 (r-s).

50. Defendants, in violation of the FLSA, failed to pay Plaintiff the applicable minimum compensation for each hour worked in violation of 29 U.S.C.§ 207 (a)(1).

51. Defendants' failure to pay Plaintiff the applicable minimum wage was willful within the meaning of 29 U.S.C.§ 255(a).

52. Defendants willfully failed to satisfy the FLSA's recordkeeping requirements.

53. Defendants acted willfully in their violations of the FLSA's requirements, causing an injury in fact to the plaintiff.

54. Plaintiff (and the FLSA class members) seeks damages for her unpaid lawful minimum wages, liquidated damages as provided by the FLSA for wage violations, attorneys' fees and costs, and such other legal and equitable relief as this Court deems just and proper. Damaged in an amount to be determined at trial.

## SECOND CAUSE OF ACTION
### (Unpaid Minimum Wages Under New York Labor Law)

55. Plaintiff repeats and realleges all paragraphs above as though fully set forth herein.

56. Defendants, in violation of the NYLL § 190 *et seq.* and associated rules and regulations, failed to pay Plaintiff minimum wages in a workweek.

57. Defendants' failure to pay Plaintiff minimum wages was willful within the meaning of N.Y.Lab.Law § 663.

58. Due to Defendants' willful violations of the NYLL, Plaintiff FULGENCIA REYES is entitled to recover from Defendants her unpaid minimum wages, liquidated damages as provided for by the NYLL, reasonable attorneys' fees, costs, and pre-judgment and post-judgment interest

## THIRD CAUSE OF ACTION
### New York Labor Law – Failure to Provide Notice at Time of Hiring

59. Plaintiff repeats and realleges all paragraphs above as though fully set forth herein.

60. Defendants failed to provide Plaintiff at the time of hiring or at any point

thereafter, a notice containing the rate of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; the regular payday designated by the employer; the physical address of the employer's main office or principal place of business; the telephone number of the employer, and anything otherwise required by law. This willful failure to provide notice has caused Plaintiff concrete and particularized injury in fact, including: (1) actual monetary losses from underpayment of wages due to inability to verify proper pay rates; (2) time and expenses incurred attempting to calculate correct wages without proper documentation; (3) lost employment opportunities due to inability to prove wage history to potential employers; (4) concrete economic harm from inability to properly budget or plan finances without knowledge of exact pay rates; (5) documented emotional distress requiring medical treatment; and (6) costs associated with seeking legal counsel to understand her rights. These injuries are directly traceable to Defendants' failure to provide the legally required wage notice. It has resulted in financial harm and distress due to the inability to accurately determine owed wages and other compensation-related matters, in violation of NYLL § 195(1).

61. Due to Defendants' violations of the NYLL § 195(1), Plaintiff is entitled to recover from Defendants statutory damages of Fifty dollars ($50) per workday that the violation occurred, up to a maximum of Five Thousand Dollars ($5,000) pursuant to NYLL § 198 (1-b).

### FOURTH CAUSE OF ACTION
**New York Labor Law – Failure to Provide Accurate Wage Statements**

62. Plaintiff repeats and realleges all paragraphs above as though fully set forth herein.

63. Defendants, particularly Defendant SHENG G. CHEN, who personally hired Plaintiff, unilaterally established the terms of her employment, set her work schedule,

issued explicit day-to-day orders, and imposed disciplinary measures on multiple documented occasions, have willfully failed to provide Plaintiff with complete and accurate wage statements throughout her employment. This failure is evident from the discrepancies in the wage statements and the actual hours worked as recorded in the work logs maintained by the Plaintiff. These statements should have included, among other things, all her regular and any overtime hours of work, her rate of pay, and the basis of pay. This failure to provide accurate wage statements has caused Plaintiff concrete and particularized injury in fact, including: (1) documented monetary losses from underpayment of wages that could not be timely detected without proper wage statements; (2) actual expenses incurred hiring an accountant to reconstruct her work hours and wages; (3) bank fees and penalties incurred due to inability to accurately predict income; (4) lost time and expenses spent maintaining personal records to track hours worked; (5) concrete economic harm from inability to provide accurate income verification to lenders; and (6) medically documented emotional distress requiring treatment, in violation of NYLL § 195(3).

64. Due to Defendants' willful violations of the NYLL, Plaintiff is entitled to recover from Defendants' statutory damages of Two Hundred and Fifty dollars ($250) per workday that the violation occurred, up to a maximum of Five Thousand Dollars ($5,000), pursuant to NYLL § 198 (1-d).

**PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff FULGENCIA REYES respectfully requests that this Court enter judgment against Defendants 5TH AVE LAUNDRY CENTER INC. and SHENG G. CHEN, as follows:

a.    Designation of this action as a collective action on behalf of

the FLSA Class Members (asserting FLSA claims and state claims) and prompt issuance of a notice pursuant to 29 U.S.C. § 216(b) to all similarly situated members of the FLSA opt-in class, apprising them of the pendency of this action, and permitting them to assert timely FLSA claims and state claims in this action by filing individual Consent to Sue forms pursuant to 29 U.S.C. § 216(b);

b.    Declaring that Defendants' violation of the provisions of the FLSA was willful as to Plaintiff;

c.    Declaring that Defendants have willfully violated the minimum wage provisions of, and associated rules and regulations under, the FLSA as to Plaintiff;

d.    Awarding Plaintiff liquidated damages in an amount equal to 100% of her damages for the amount of unpaid minimum wages, and damages for any improper deductions or credits taken against wages under the FLSA as applicable pursuant to 29 U.S.C.§ 216(b);

e.    Awarding Plaintiff damages for the amount of unpaid minimum wages, and damages for any improper deductions or credits taken against wages under the FLSA as applicable;

f.    Declaring that Defendants have willfully violated the recordkeeping requirements of the NYLL with respect to Plaintiff's compensation, hours, wages; and any deductions or credits taken against wages;

g.    Awarding Plaintiff damages for the amount of unpaid minimum wages, damages for any improper deductions or credits taken against wages;

h.     Awarding Plaintiff liquidated damages in an amount equal to one hundred percent (100%) of the total amount of minimum wage compensation shown to be owed pursuant to NYLL § 663 as applicable;

i.     Awarding Plaintiff pre-judgment and post-judgment interest as applicable;

j.     Awarding Plaintiff the expenses incurred in this action, including costs and attorney's fees; and

k.     All such other and further relief as the Court deems just and proper.

l.     An award of statutory damages pursuant to NYLL § 198(1-b) for Defendants' willful failure to provide Plaintiff with wage notices at hiring and throughou ther employment period. This failure caused concrete and particularized injury in fact to the Plaintiff, including documented monetary losses, actual expenses incurred reconstructing wage records, bank penalties, lost employment opportunities, and medically verified emotional distress requiring treatment, all of which are directly traceable to Defendants' failure to provide legally required wage notices, in violation of NYLL § 198 (1-b);

m.     An award of statutory damages for Defendants' willful failure to provide Plaintiff with complete and accurate wage statements. This failure caused concrete and particularized injury in fact to the Plaintiff, including actual monetary losses, documented expenses for professional accounting services, bank fees and penalties, lost time and expenses maintaining personal records, inability to obtain loans due to lack of proper income verification, and medically documented emotional distress

requiring treatment, all directly resulting from Defendants' failure to provide accurate wage statements, in violation of NYLL § 198 (1-d);

n.   An award of pre-judgment interest at the statutory rate of nine percent per annum (9%) pursuant to the New York Civil Practice Law and Rules §§ 5001-5004;

o.   An award of post-judgment interest pursuant to 28 U.S.C. § 1961 and/or the New York Civil Practice Law and Rules § 5003;

p.   An award for any injury in fact suffered by the Plaintiff due to Defendants' willful violation of the Wage Theft Prevention Act (WTPA), including but not limited to financial losses, distress, and any other tangible or intangible harm suffered by the Plaintiff as a direct result of Defendants' actions; and such other relief as this Court shall deem just and proper.

Dated: New York, New York
         March 3, 2025

LINA STILLMAN, ESQ.

_____
Lina Stillman, Esq.
Attorneys for Plaintiff
Stillman Legal, P.C.
42 Broadway, 12th Floor
New York, New York 10004
Tel (212) 203-2417
www.StillmanLegalPC.com