**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
-----------------------------------------------------------------X

FULGENCIA REYES,                                    Case No.  2:25-cv-01198-GRB-JMW

Plaintiff,

v.                          **ANSWER WITH AFFIRMATIVE**
**DEFENSES AND**
5TH AVE LAUNDRY CENTER INC.                         **COUNTERCLAIMS**
and SHENG G. CHEN, individually,

Defendants.
-----------------------------------------------------------------X

Defendants 5TH AVE LAUNDRY CENTER INC. and SHENG G. CHEN (collectively "Defendants"), by and through their undersigned attorneys, hereby provide their answer and affirmative defenses to the Complaint of Plaintiff FULGENCIA REYES ("Plaintiff") and state as follows:

### AS TO "NATURE OF ACTION"

1.      **Paragraph 1** sets forth legal conclusions which do not require a response. To the extent a response is required, Defendants admit to the extent that Plaintiffs filed this action under various state and federal statutes but deny the remainder of the allegations.

2.      Defendants deny any allegations in **Paragraph 2** of the Complaint.

3.      Defendants deny any allegations in **Paragraph 3** of the Complaint.

4.      **Paragraph 4** of the Complaint asserts legal conclusions that do not require a response.

5.      **Paragraph 5** of the Complaint asserts legal conclusions that do not require a response.

6.      Defendants deny any allegations in **Paragraph 6** of the Complaint.

1

7.      **Paragraph 7** of the Complaint asserts legal conclusions that do not require a response.

## AS TO "JURISDICTION AND VENUE"

8.      Defendants admit the allegation in **Paragraph 8** of the Complaint.

9.      **Paragraph 9** of the Complaint asserts legal conclusions that do not require a response.

10.      **Paragraph 10** of the Complaint asserts legal conclusions that do not require a response.

11.      Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in **Paragraph 11** of the Complaint.

## AS TO "PARTIES"

12.      Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in **Paragraph 12** of the Complaint.

13.      Defendants deny any allegations in **Paragraph 13** of the Complaint.

14.      Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in **Paragraph 14** of the Complaint.

15.      Defendants deny any allegations in **Paragraph 15** of the Complaint.

16.      **Paragraph 16** sets forth legal conclusions which do not require a response. To the extent a response is required, Defendants admit to the extent that the corporate defendant is a New York corporation.

17.      **Paragraph 17** sets forth legal conclusions which do not require a response. To the extent a response is required, Defendants admit to the extent that the corporate defendant is engaged in interstate commerce.

18.  Defendants admit the allegation in **Paragraph 18** of the Complaint.

19.  Defendants deny any allegations in **Paragraph 19** of the Complaint.

20.  Defendants deny any allegations in **Paragraph 20** of the Complaint.

### AS TO "COMMON FACTS TO ALL CLAIMS"

21.  Defendants admit the allegations in **Paragraph 21** of the Complaint.

22.  Defendants deny any allegations in **Paragraph 22** of the Complaint.

23.  Defendants deny any allegations in **Paragraph 23** of the Complaint.

24.  Defendants deny any allegations in **Paragraph 24** of the Complaint.

25.  Defendants deny any allegations in **Paragraph 25** of the Complaint.

26.  Defendants deny any allegations in **Paragraph 26** of the Complaint.

27.  Defendants deny any allegations in **Paragraph 27** of the Complaint.

28.  Defendants deny any allegations in **Paragraph 28** of the Complaint.

29.  Defendants deny any allegations in **Paragraph 29** of the Complaint.

30.  Defendants deny any allegations in **Paragraph 30** of the Complaint.

31.  Defendants deny any allegations in **Paragraph 31** of the Complaint.

32.  Defendants deny any allegations in **Paragraph 32** of the Complaint.

33.  Defendants deny any allegations in **Paragraph 33** of the Complaint.

34.  Defendants deny any allegations in **Paragraph 34** of the Complaint.

35.  Defendants deny any allegations in **Paragraph 35** of the Complaint.

36.  Defendants deny any allegations in **Paragraph 36** of the Complaint.

37.  Defendants deny any allegations in **Paragraph 37** of the Complaint.

38.  Defendants deny any allegations in **Paragraph 38** of the Complaint.

39.  Defendants deny any allegations in **Paragraph 39** of the Complaint.

**AS TO "DEFENDANTS' GENERAL EMPLOYMENT PRACTICES"**

40.     Defendants deny any allegations in **Paragraph 40** of the Complaint.

41.     Defendants deny any allegations in **Paragraph 41** of the Complaint.

42.     Defendants deny any allegations in **Paragraph 42** of the Complaint.

43.     Defendants deny any allegations in **Paragraph 43** of the Complaint.

44.     Defendants deny any allegations in **Paragraph 44** of the Complaint.

45.     Defendants deny any allegations in **Paragraph 45** of the Complaint.

46.     Defendants deny any allegations in **Paragraph 46** of the Complaint.

**AS TO "FIRST CAUSE OF ACTION"**

47.     Defendants repeat and reallege each and every response set forth above to the Complaint as though fully set forth herein.

48.     Defendants deny any allegations in **Paragraph 48** of the Complaint.

49.     Defendants deny any allegations in **Paragraph 49** of the Complaint.

50.     Defendants deny any allegations in **Paragraph 50** of the Complaint.

51.     Defendants deny any allegations in **Paragraph 51** of the Complaint.

52.     Defendants deny any allegations in **Paragraph 52** of the Complaint.

53.     Defendants deny any allegations in **Paragraph 53** of the Complaint.

54.     Defendants deny any allegations in **Paragraph 54** of the Complaint.

**AS TO "SECOND CAUSE OF ACTION"**

55.     Defendants repeat and reallege each and every response set forth above to the Complaint as though fully set forth herein.

56.     Defendants deny any allegations in **Paragraph 56** of the Complaint.

57.     Defendants deny any allegations in **Paragraph 57** of the Complaint.

4

58.    Defendants deny any allegation in **Paragraph 58** of the Complaint.

## AS TO "THIRD CAUSE OF ACTION"

59.    Defendants repeat and reallege each and every response set forth above to the Complaint as though fully set forth herein.

60.    Defendants deny the allegations in **Paragraph 60** of the Complaint.

61.    Defendants deny the allegations in **Paragraph 61** of the Complaint.

## AS TO "FOURTH CAUSE OF ACTION"

62.    Defendants repeat and reallege each and every response set forth above to the Complaint as though fully set forth herein.

63.    Defendants deny the allegations in **Paragraph 63** of the Complaint.

64.    Defendants deny the allegations in **Paragraph 64** of the Complaint.

## AFFIRMATIVE DEFENSES

65.    Defendants assert the following affirmative and other defenses without assuming any burdens of production or proof that, pursuant to law, belongs to Plaintiffs. Defendants reserve the right to amend their answer and to assert any additional defenses as may become available or apparent during the course of this litigation.

## FIRST DEFENSE

66.    Plaintiff's Complaint fails to state a cause of action as against the Defendants, upon which relief can be granted.

## SECOND DEFENSE

67.    Defendants at all times acted in good faith and in the best interest of the business, and therefore, should not be liable for any alleged damages.

5

### THIRD DEFENSE

68.    Plaintiff's alleged injuries and damage, if any, are speculative and cannot be shown to exist in fact.

### FOURTH DEFENSE

69.    Plaintiff's alleged claims are barred, in whole or in part, by the doctrines of settlement, satisfaction, agreement, release, and/or set off because they received full compensation in a timely manner for any and all work allegedly performed.

### FIFTH DEFENSE

70.    Plaintiff's claims are barred, in whole or in part, by the equitable doctrines of laches, waiver, estoppel, offset, and/or unclean hands.

### SIXTH DEFENSE

71.    Plaintiff's monetary claims may be barred, in whole or in part, because they have not appropriately nor adequately mitigated their alleged damages.

### SEVENTH DEFENSE

72.    Defendants' actions regarding payroll practices and compliance with the Fair Labor Standards Act and New York Labor Law were in good faith and Defendants had reasonable grounds for believing their actions were in compliance with the statutes.

### COUNTER-CLAIMS AGAINST PLAINTIFF FULGENCIA REYES

1.    Pursuant to Rule 3019 of the Civil Practice Law and Rules, Defendants 5TH AVE LAUNDRY CENTER INC. ("Company") and SHENG G. CHEN (collectively "Counterclaim Plaintiffs") bring these counterclaims against Plaintiff FULGENCIA REYES ("Counterclaim Defendant") and respectfully state:

6

## AS AND FOR A FIRST COUNTERCLAIM
### (Conversion)

2.       Counterclaim Plaintiffs repeat and reallege each and every allegation set forth above as though fully set forth herein.

3.       Upon information and belief, Counter-claim Defendant FULGENCIA REYES engaged in a repeated and unauthorized pattern of routinely using the Company's equipment and resources to perform laundry services for non-clients in exchange for personal payment, and to do her own laundry during work hours.

4.       These actions constituted an unlawful exercise of control over Company property for personal gain, without authorization or consent. As a result of this ongoing misconduct, Counterclaim Plaintiffs suffered operational disruption and financial loss.

5.       Accordingly, Counterclaim Plaintiffs seek recovery of damages, costs, and reasonable attorneys' fees.

## AS AND FOR A SECOND COUNTERCLAIM
### (Unjust Enrichment)

6.       Counterclaim Plaintiffs repeat and reallege each and every allegation set forth above as though fully set forth herein

7.       By misappropriating Company time, equipment, and facilities for personal financial benefit, Counterclaim Defendant was unjustly enriched at the expense of Counterclaim Plaintiffs. As a result, Counterclaim Defendant was unjustly enriched by receiving income and benefits derived from unauthorized use of Company property and time, all while being compensated as an employee. This enrichment occurred directly at the expense of Counterclaim Plaintiffs, who bore the costs of utilities, equipment wear and tear, labor resources, and operational delays resulting from the misuse of Company assets.

7

8.      Her misconduct not only caused financial harm, but also disrupted normal business operations by occupying equipment needed for paying customers and undermining employee efficiency and scheduling.

9.      Therefore, Counter-claim Plaintiffs seek restitution and recovery of damages, costs, and reasonable attorneys' fees.

## AS AND FOR A THIRD COUNTERCLAIM
### (Breach of Fiduciary Duty)

10.      Counterclaim Plaintiffs repeat and reallege each and every allegation set forth above as though fully set forth herein

11.      Counterclaim Defendant REYES, in her role with the Company, owed fiduciary duties to act in good faith and in the best interest of the Company

12.      By knowingly permitting and/or failing to prevent conversion and misuse of Company resources for unauthorized personal gain, she breached those fiduciary duties. As a direct result, Counterclaim Plaintiffs suffered financial harm from her breach of fiduciary duty.

13.      Therefore, Counterclaim Plaintiffs seek recovery of damages, costs, and reasonable attorneys' fees.

## AS AND FOR A FOURTH COUNTERCLAIM
### (Breach of the Duty of Loyalty)

14.      Counterclaim Plaintiffs repeat and reallege each and every allegation set forth above as though fully set forth herein.

15.      Counterclaim Defendant, by engaging in or enabling repeated unauthorized use of Company property for personal benefit, acted in direct conflict with the interests of the Company.

This conduct interfered with Company operations, damaged its reputation, and breached her duty of loyalty.

16.    Therefore, Counterclaim Plaintiffs seek recovery of damages, costs, and reasonable attorneys' fees.

## AS AND FOR A FIFTH COUNTERCLAIM
### (Breach of Covenant of Good Faith and Fair Dealing)

17.    Counterclaim Plaintiffs repeat and reallege each and every allegation set forth above as though fully set forth herein.

18.    Counterclaim Defendant's misconduct—specifically, repeated conversion and personal enrichment using Company resources—violated the implied covenant of good faith and fair dealing inherent in her relationship with Counterclaim Plaintiffs. This misconduct undermined the purpose of the contractual and working relationship.

19.    Therefore, Counter-claim Plaintiffs seek recovery against Counter-claim Defendants of damages, costs, and reasonable attorneys' fees.

## AS AND FOR A SIXTH COUNTERCLAIM
### (Breach of Contract)

20.    Counterclaim Plaintiffs repeat and reallege each and every response set forth above as though fully set forth herein.

21.    An implied contract existed between Counterclaim Plaintiffs and Counterclaim Defendant FULGENCIA REYES by virtue of the employment relationship, which required her to act in the interest of the business and perform her duties faithfully and lawfully.

22.    By consistently performing unauthorized laundry services for third parties for personal gain and using Company machines for personal purposes during paid work hours, Counterclaim Defendant breached the terms of this implied contract.

9

23.    As a direct and proximate result of this breach, Counterclaim Plaintiffs suffered financial losses and business disruption.

24.    Therefore, Counterclaim Plaintiffs seek recovery of compensatory damages in an amount to be determined at trial.

## RESERVATION OF RIGHTS

25.    Defendants reserve their rights to amend this ANSWER and to raise additional affirmative defenses and counterclaims as necessary, upon completion of appropriate investigation and discovery, because Defendants presently have insufficient knowledge and information upon which to form a belief as to whether or not they may have additional, as yet unstated, separate and additional defenses available.

## DEFENDANTS' RELIEF REQUESTED

WHEREFORE, Defendants deny that Plaintiffs are entitled to any relief and request that:

A.    All the causes of action set forth and relief requested in the VERIFIED COMPLAINT be dismissed with prejudice in its entirety;

B.    the entry of a judgment in favor of Counter-claim Plaintiffs on their counterclaims, and for all damages, prejudgment and post-judgment interest, attorneys' fees, costs;

C.    and all other and further relief this Court deems necessary, just, proper and equitable.

## JURY TRIAL DEMAND

Defendants request a jury trial on all issues so triable in this action.

Dated:   Flushing, New York
         May 8, 2025

Respectfully Submitted,

HANG & ASSOCIATES, PLLC
By:   /s/ *Yun Zhou*
Yun Zhou, Esq.
136-20 38th Ave. Suite 10G
Flushing, NY 11354
Tel: (718) 353-8588
Fax: (718) 353-6288
Email: yzhou@hanglaw.com
*Attorneys for Defendants/Counterclaim Plaintiffs*

11